Sandra Alice PEREZ *v.* Salvador
PEREZ Jr.

74-19                                    509 S.W. 2d 531

Opinion delivered May 28, 1974

*Hardin, Jesson & Dawson,* for appellant.

*Warner & Smith,* by: *Lelland Cody Hayes,* for appellee.

GEORGE ROSE SMITH, Justice. The only issue here is the custody of the parties' two sons—Shawn, now almost four years old, and Shane, about two. The chancellor granted the husband a divorce, on the ground of indignities, and awarded him the custody of the children. For reversal it is argued that the custody award is against the weight of the evidence.

At the trial the issue of custody was primarily one of fact. The couple were married in 1969, when Salvador was 21 and Sandra was 18. The children were born within the next three years, about 19 months apart. In May, 1973, Sandra asked her husband for a divorce and offered him the custody of the two boys. Salvador did not want a divorce and proposed going to a marriage counselor, but Sandra refused. In June the couple signed an agreement prepared by a lawyer, dividing their property and recommending that the husband be awarded custody of the children. When the suit was filed, however, Sandra changed her mind and sought custody.

According to the appellee's proof, Sandra was careless about keeping the infants clean and was inattentive in other respects. During the pendency of the suit she had temporary custody, but she would leave the children with her parents or,

if they were not available, with the appellee. Sandra denied part of the appellee's charges, but she admitted that it was her idea to give Salvador the children in the first place and that at the time of the trial she had a "crush" on an older man who worked at the plant where she was employed. There is no proof of immorality on her part.

Although our decisions tend to favor the mother when the children are very young, there is no inflexible rule giving her the right of custody. We have said that in no type of case do the personal observations of the chancellor mean more then they do in a child custody matter. *Wilson* v. *Wilson*, 228 Ark. 789, 310 S.W. 2d 500 (1958). In the case at bar the question to be decided is a difficult one, but after a careful study of the record we cannot say that the chancellor's decree is clearly against the preponderance of the evidence. We forgo an extended discussion of the testimony, as being of negligible value as a precedent.

Affirmed.

HARRIS, C.J., dissents.